NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HECTOR R. DIAZ,**
*Petitioner*

**v.**

**DEPARTMENT OF THE TREASURY,**
*Respondent*

---

2016-1819

---

Petition for review of the Merit Systems Protection Board in No. AT-0752-15-0471-I-1.

---

Decided: August 3, 2016

---

HECTOR R. DIAZ, Lawrenceville, GA, pro se.

VITO SALVATORE SOLITRO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., ELIZABETH M. HOSFORD.

---

Before PROST, *Chief Judge,* WALLACH and HUGHES, *Circuit Judges.*

PER CURIAM.

Hector Diaz appeals from the final order of the Merit Systems Protection Board sustaining his removal from the position of Individual Taxpayer Adviser Specialist. Because the Board's decision was supported by substantial evidence and was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, we affirm.

I

Mr. Diaz was formerly employed by the Department of Treasury (Agency) as an Individual Taxpayer Adviser Specialist. He was removed from his position after an altercation with a taxpayer at the Internal Revenue Service's Taxpayer Assistance Center in Chamblee, Georgia. During a hearing in front of the Administrative Judge, several witnesses, including the taxpayer, testified that Mr. Diaz and the taxpayer were in a "heated exchange" in the walk-in area where employees assist taxpayers, and that after the taxpayer exited to the lobby, Mr. Diaz followed her and used profanity in loudly threatening her. Mr. Diaz admitted that he used profanity as the taxpayer exited the walk-in area, but asserted that he did so quietly.

The Administrative Judge determined that the witnesses other than Mr. Diaz provided credible testimony, but found Mr. Diaz's testimony to be contradicted by other evidence and internally inconsistent. Based on the other witnesses' testimony, the Administrative Judge affirmed the Agency's decision to remove Mr. Diaz for unprofessional dealings with a taxpayer and for creating a workplace disruption. The Administrative Judge also declined Mr. Diaz's request to draw an inverse inference against the Agency for spoliation of evidence, where the Agency had destroyed audio and video recordings of the incident in the normal course of business. The Board affirmed the

Administrative Judge's initial decision as to both determinations.

On appeal, Mr. Diaz argues that the Administrative Judge erred by relying on the other witnesses' testimony and by declining to draw an adverse inference based on spoliation of evidence. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II

We may only hold unlawful and set aside any agency action, findings, or conclusions found to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We review the Board's rulings on procedural matters relating to discovery and evidentiary issues for abuse of discretion. *Curtin v. Office of Pers. Mgmt.*, 846 F.2d 1373, 1378 (Fed. Cir. 1988).

Mr. Diaz argues that the Administrative Judge improperly relied on the other witnesses' testimony and failed to review a relevant exhibit. Pet.'s Br. at 1. The other witnesses consistently testified to the events surrounding the altercation, and contrary to Mr. Diaz's argument, did not present hearsay. Therefore, we do not find any error in the Administrative Judge's determination that the witnesses provided more credible testimony than Mr. Diaz. Indeed, such credibility determinations are "virtually unreviewable." *See Hambsch v. Dep't of the Treasury*, 796 F.2d 430, 436 (Fed. Cir. 1986). Furthermore, although the Board acknowledged that the Administrative Judge failed to admit three exhibits, Suppl. App. 2 n.2, Mr. Diaz has not shown that any alleged error caused substantial harm that could have affected the outcome of the case, particularly in light of the witnesses' unequivocal statements. *See Curtin*, 846 F.2d at 1378 (holding that if an abuse of discretion did occur, the

petitioner must prove that the error caused substantial harm or prejudice which could have affected the outcome of the case).

We also reject Mr. Diaz's assertion that the Administrative Judge erred by failing to draw an adverse inference based on spoliation of evidence. The records were destroyed in the ordinary course of business. Moreover, Mr. Diaz had an opportunity to request the records during discovery but did not do so until the prehearing conference. Suppl. App. 19 n.5. Because Mr. Diaz failed to timely request the records, the Board did not abuse its discretion in affirming the Administrative Judge's decision not to draw an adverse inference based on spoliation of evidence.

**AFFIRMED**

No costs.